(C. D. 1614)

LANGFELDER, HOMMA & CARROLL, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 13, 1954)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Mollie Strum* and *Richard E. FitzGibbon,* trial attorneys), for the defendant.

Before OLIVER and MOLLISON, Judges

OLIVER, Chief Judge: This case concerns the classification of toy pianos which were assessed with duty at 50 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, for toys, not specially provided for. "in the forms of musical instruments and

capable of emitting sound." Plaintiff claims classification for the merchandise under the provision in said amended paragraph 1513 for toys "in the forms of stringed instruments or accordions," carrying a dutiable assessment of 35 per centum ad valorem. Said amended paragraph 1513, so far as pertinent, reads as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1513 | Toys, not specially provided for:<br>  *   *   *   *   *   *   *<br>  In the forms of musical instruments and capable of emitting sound:<br>    In the forms of stringed instruments or accordions_____<br>    Other_____ | <br><br><br><br>35% ad val.<br>50% ad val. |

A sample of the present merchandise is in evidence (plaintiff's illustrative exhibit 1). It is made of wood in the shape of a grand piano with a keyboard of eight keys. It measures approximately 7¼ inches in width, 10 inches from front to back, 5½ inches in height, and rests on 3 legs. The article is concededly a toy, and operates, as stipulated by the parties, "by striking metal rods by the means of small wooden hammers operated from the keyboard."

One witness testified. He appeared on behalf of the defendant. He stated that he has been in the piano business, manufacturing and repairing such instruments, for 23 years. Although he admitted that a piano has 210 strings, he insisted that it is "a percussion instrument." His reason therefor, as developed on redirect examination, was based on orchestral classification of instruments. The record, however, shows no qualfications of the witness for his conclusion. In any event, whether or not an instrument is used in an orchestra, or in any particular division of an orchestra, has no bearing on tariff classification. *United States* v. *L. Oppleman, Inc.,* 28 C. C. P. A. (Customs) 298, C. A. D. 158.

The statutory definition of a "toy," which governs the issue herein, reads as follows (paragraph 1513 of the Tariff Act of 1930):

* * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development.

The most important factor in the foregoing definition is the element of use, expressed in the words "chiefly used for the amusement of children," and the keyword in the present discussion is "amusement." In connection with such analysis of the said definition, it should be noted that the toys contemplated by the particular provision under consideration shall be capable of emitting *sound.* (Paragraph 1513,

as amended, *supra*.) The word, "sound," which suggests merely a noise without any particular musical or tone connotation, is significant in the present case, particularly as the statute makes no reference to the method by which the sound shall be produced, or the nature of the sound. The specific requirement is that the toy shall be in the *form* of a musical instrument.

On that phase of the case, counsel for defendant, in his brief, contends that the word "forms," as used in said amended paragraph 1513, does not "mean merely the shape of the toy, but means the design and manner in which the sound is emitted," and that, if the provision for toys in the forms of stringed instruments is to be invoked, the sound "produced or emitted should have a relation to strings which comprise the instrument." Defendant argues further that since these articles contain no strings and the sound emitted is caused by striking of wooden hammers, activated by keys, on metal rods, they are percussion instruments.

To support the argument advanced by defendant would not only result in an erroneous interpretation of the statutory definition of a "toy," but also be inconsistent with the common or ordinarily accepted meaning of the word "form," which is defined in Funk & Wagnalls New Standard Dictionary as follows:

> **form**, *n*. **1.** The outward or visible shape of a body as distinguished from its substance or color; the peculiar configuration by which an object is recognized by the sight or touch * * *. **3.** The appearance or character in which a thing presents itself. * * *

The toy before us simulates in outward appearance a grand piano and bears above the keyboard a decorative legend "Grand Piano." That the sounds therefrom are produced without the use of strings, is of no material consequence. Samples are potent witnesses, and the sample before us leaves no doubt in the mind of any observer that it is in the form of a piano. Most significant is the overall design of the article which can serve no other purpose than to amuse a child. The toy pianos in question are "in the forms of musical instruments," within the purview of paragraph 1513, as modified, *supra*.

Thus, the sole question for determination is whether a piano is a stringed instrument. If it is, then plaintiff's claim should be sustained; otherwise, the collector's classification must be upheld. The principle of commercial designation is not invoked; hence, our decision must turn on common meaning. The word "instrument," in the field of music, is comprehensively defined in Webster's New International Dictionary as follows:

> **instrument** * * * **3.** A contrivance by which musical sounds are produced. Musical instruments may be classified, according to the nature of the vibrating body that initiates the sound, as stringed, wind, and percussion. In *stringed instruments* it is a group of tense strings, either bowed, as in the violin and its

class; plucked, as in the harp, guitar, and mandolin; struck, as in the piano; or blown upon, as in the aeolian harp. * * * *Percussion instruments* may be subdivided according as the tone-producing surface is a membrane, as in drums; a plate, as a cymbal or bell; or a rod or bar, as a triangle or xylophone.

It will be observed that under the foregoing definitions, the piano is a stringed instrument.

Funk & Wagnalls New Standard Dictionary defines "stringed instruments" as those "in which the sound is due to the vibration of a string or wire, usually reinforced by the resonance of a sounding-board or the like, including * * * (c) the *pianoforte*, whose strings are vibrated by percussion." The same authority defines "percussive instruments" as those "used now chiefly for accentuation, as the drum and cymbals, for signals, as the bell, or as curiosities, as the xylophone. An exception is the pianoforte [piano], which is *both stringed and percussive*." [Last italics added.] "Pianoforte" is defined as "A percussive stringed musical instrument, a later and improved form of the harp, harpsichord, and clavichord, in which sounds are produced by hammers, set in motion by keys and a connected keyboard, striking on wire strings."

Under the foregoing definitions, the piano is essentially and primarily a stringed instrument. Music produced therefrom comes from the vibrations of strings tuned to proper pitch. The percussive phase refers to the function of different parts which coordinately act upon the strings that initiate the musical tones. The piano is characterized by the strings. The merchandise before us is in the form of a stringed instrument (piano). That the toy miniature piano does not contain strings is not controlling. It is the outward form or appearance that is determinative of this issue.

For all of the reasons hereinabove stated, we hold that the toy pianos in question are dutiable at the rate of 35 per centum ad valorem under paragraph 1513, as modified, *supra*, as toys in the form of stringed musical instruments capable of emitting sound, as claimed by plaintiff.

The protests are sustained and judgment will be rendered accordingly.