**No. 58348.**—S. Dmitrovsky and Simon Hanin *v.* United States, protests 829717–G and 743799–G (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the items marked "M" consists of moufflons the same in all material respects as those passed upon in Abstract 57768 and that the items marked "A" consist of kidskin plates the same as those involved in *Kung Chen Fur Corpn. v. United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*, only so far as the items marked "A" are concerned.

**No. 58349.**—Langfelder, Homma & Carroll, Inc., et al. *v.* United States, protests 185490–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of toy pianos similar in all material respects to those the subject of *Langfelder, Homma & Carroll, Inc. v. United States* (32 Cust. Ct. 281, C. D. 1614), the claim of the plaintiffs was sustained.

**No. 58350.**—Amicale Trading Co., Inc. *v.* United States, protests 178428–K, 181974–K, and 184451–K (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in schedule "A," attached to and made a part of the decision in this case.

**No. 58351.**—Melchers, Inc., et al. *v.* United States, protests 197530–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 58352.**—Traders Service Corporation v. United States, protest 221373–K (New York).

Opinion by WILSON, J.   An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

**No. 58353.**—Air Clearance Ass'n, Inc. v. United States, protest 222351–K (New York).

Opinion by WILSON, J.   An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

**No. 58354.**—S. H. Pomerance Co., Inc. v. United States, protest 224282–K (New York).

Opinion by WILSON, J.   An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

BEFORE THE SECOND DIVISION, SEPTEMBER 2, 1954

**No. 58355.**—F. L. Kraemer & Company and Burmeister & Wain American Corp. v. United States, protests 174035–K and 174845–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of rough, unmachined castings of iron similar in all material respects to those the subject of *United States* v. *The Singer Manufacturing Company* (37 C. C. P. A. 104, C. A. D. 427), the claim of the plaintiffs was sustained.