362

in question to be properly classifiable under paragraph 1513, as modified, *supra*, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.

**No. 58388.**—Langfelder, Homma & Carroll, Inc. *v.* United States, protest 184122–K (San Francisco).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of toy pianos similar in all material respects to those the subject of *Langfelder, Homma & Carroll, Inc.* v. *United States* (32 Cust. Ct. 281, C. D. 1614), the claim of the plaintiff was sustained.

**No. 58389.**—Langfelder, Homma & Carroll, Inc. *v.* United States, protest 188836–K/14094 (New Orleans).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of toy pianos similar in all material respects to those the subject of *Langfelder, Homma & Carroll, Inc.* v. *United States* (32 Cust. Ct. 281, C. D. 1614), the claim of the plaintiff was sustained.

**No. 58390.**—Fred Whitaker Company, Inc. *v.* United States, protests 136033–K, etc. (Philadelphia).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content (T. D. 53159)" in the schedule attached to and made a part of the decision in this case.

**No. 58391.**—Bruce Marble & Granite Works *v.* United States, protest 161223–K (New York).

MOLLISON, Judge:   The merchandise the subject of this protest is described on the invoice as "7 Red Granite Blocks—Rough with two sawn faces on each